UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO.: 2:23cr20 |
| ) | |
| ISAIAH J. CARD. ) | |
| Defendant. ) | |

### DEFENDANT'S POSITION REGARDING SPEEDY TRIAL ACT

COMES NOW the Defendant, ISAIAH J. CARD, by counsel, pursuant to Order issued by this Court on April 6, 2023, directing that Defendant file a position statement as to whether all five counts in the superseding indictment should be tried together, which would necessitate exceeding the speedy trial deadline for Count One. For the reasons set forth below, Defendant asserts that the end of justice warrant proceeding to one trial on all charges in the superseding indictment outside of the speedy trial deadline for Count One.

Procedural History

On December 19, 2022, a Criminal Complaint was filed against Defendant for allegedly stealing mail in violation of 18 U.S.C. §1708. ECF No. 1. The Complaint was supported by an affidavit which set forth alleged criminal activity engaged in by the Defendant from some point in October of 2022 to December 18, 2022. ECF No. 2. On February 8, 2023, Defendant was indicted for the same offense described in the Complaint. ECF No. 13. On February 16, 2023, Defendant was arraigned and thus the speedy trial clock required trial to begin no later than April 27, 2023. Jury trial is scheduled to begin on April 24, 2023. ECF No. 22.

On April 5, 2023, a superseding indictment was issued which charged Defendant with additional crimes as well as the original alleged violation 18 U.S.C. §1708. ECF No. 23. More

specifically, Defendant is charged with Conspiracy to Commit Bank Fraud, Bank Fraud, and Aggravated Identity Theft.  ECF No. 23.  The original sole count of the initial indictment is re-alleged in Count I of the superseding indictment.  Arraignment for the superseding indictment is scheduled to occur on May 4, 2023.  The additional charges contained in the superseding indictment arise out of the same factual allegations which formed the basis of the original one count indictment.

On April 6, 2023, the Court entered an Order advising that the Defendant's Speedy Trial Act rights may be implicated as to Count One of the superseding indictment given that the speedy trial clock does not automatically reset due to the issuance of a superseding indictment. To that end, the Court directed the Defendant to submit his position regarding how the case should move forward given the requirements of the Speedy Trial Act.

## Legal Standard

"In any case in which a plea of not guilty is entered, the trial of a defendant ... shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "[I]f a defendant has appeared before a judicial officer in connection with a charge before the indictment is filed, the filing of the indictment starts the 70-day period. If prosecution originates with an indictment, the period runs from the defendant's first appearance after indictment." United States v. Carey, 746 F.2d 228, 229 n.1 (4th Cir. 1984).  [A] defendant may not prospectively waive the application of the [Speedy Trial] Act." Zedner v. United States, 547 U.S. 489, 500, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). Evaluating the text, purpose, and legislative history of § 3161, the Supreme Court has held that, because the public and the defendant jointly

share an interest in a speedy trial, defendant may not unilaterally waive that right. See id. at 500-02, 126 S.Ct. 1976.

The Speedy Trial Act excludes certain delays "if the judge granted [a] continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Courts are required to provide their reasoning about the "ends of justice," 18 U.S.C. § 3161(h)(7)(A), and consider various factors, including: (i) whether the failure to grant a continuance would result in a miscarriage of justice; (ii) whether the case is so unusual or complex that counsel cannot adequately prepare for trial within established time limits; (iii) whether there was delay in filing the indictment because of the nature of the arrest or grand jury proceedings; or (iv) whether denial of continuance would otherwise infringe upon the time to obtain or maintain counsel or prepare for trial. 18 U.S.C. § 3161(h)(7)(B).

Argument and Position

It is Defendant's position that all counts in the superseding indictment must be tried together but prior to the anticipated new speedy trial deadline of July 13, 2023.   Doing so clearly serves the ends of justice.  The charges that Defendant faces all arise out of the same alleged conduct which occurred over a three month period.  Allowing two separate groups of fact finders to make determinations about credibility of evidence can lead to a miscarriage of justice via inconsistent trial results.  Further, given the nature of the additional charges, counsel will need additional time to prepare and explore appropriate defenses.  Finally, the Defendant is not prejudiced whatsoever by having his trial date continued for less than ninety days.

Conclusion

For the reasons set forth below, Defendant asserts that the end of justice warrant proceeding to trial on all charges in the superseding indictment outside of the speedy trial deadline for Count One

Respectfully Submitted,

_____/s/_____
Gregory William Klein, Esquire

Gregory William Klein, Esquire
Virginia State Bar No.: 73110
Klein, Rowell & Shall, PLLC
1294 Diamond Springs Road
Virginia Beach, VA 23455
Voice: (757) 432-2500
Fax:    (757) 432-2100
greg@krslaw.com
Counsel for Defendant Isaiah J. Card

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send electronic notification of such filing (NEF) to all counsel of record.

_____/s/_____
Gregory William Klein, Esquire

Gregory William Klein, Esquire
Virginia State Bar No.: 73110
Klein, Rowell & Shall, PLLC
1294 Diamond Springs Road
Virginia Beach, VA 23455
Voice: (757) 432-2500
Fax:    (757) 432-2100
greg@krslaw.com
Counsel for Defendant Isaiah J. Card