IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:23cr20 |
| | ) | |
| DAHNICO JHARON MCCOY, | ) | |
| | ) | |
| *Defendant*. | ) | |

**GOVERNMENT'S POSITION WITH RESPECT TO
SENTENCING FACTORS IN THE PRESENTENCE REPORT**

COMES NOW the United States of America, by undersigned counsel, and in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the presentence report (PSR) prepared by the United States Probation Officer. After reviewing the Presentence Investigation Report and applying the factors of Title 18, United States Code, Section 3553(a) to this case, and being mindful of its plea agreement obligations, the government's position is that a sentence of 85 months of incarceration is appropriate.

**I.    The United States Joins in Defendant's Objection to the Loss Amount**

The United States joins in Defendant's objection to the loss amount as calculated in Paragraphs 17 and 22 of the PSR. While the PSR contains a list of all the stolen checks and money orders recovered by investigators from the defendant and his co-conspirator, most of those checks and money orders were never cashed or otherwise negotiated. The loss amount for defendant MCCOY encompasses 10 stolen money orders that MCCOY forged with his name and deposited in his bank account. These money orders total approximately $1,800.21. For this reason, the United States stipulated to the loss recommendation in the plea agreement and joins in defendant's objection to the PSR. If this objection is sustained, the Guidelines will be reduced

by 10 levels under Section 2B1.1(b)(1) to an offense level of 9. Defendant would no longer be entitled to a third point for acceptance of responsibility pursuant to Section 3E1.1(b) as his offense level would no longer be high enough to qualify. His final offense level would therefore be a 7, with a Criminal History Category of II, and a Sentencing Guideline range of 2-8 months of incarceration on Count 3.

**II.  A Sentence of 85 months of Incarceration Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**

In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court made clear that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." *See also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker,* 543 U.S. at 264 (*quoting* 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from

further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Applying these sentencing factors to the facts of this case demonstrates that a guideline sentence of 85 months of incarceration is appropriate and reasonable. The defendant is facing a mandatory sentence of 84 months of incarceration by virtue of his convictions to possessing a firearm during a crime of violence and aggravated identity theft. These sentences account for his armed robbery of a postal carrier and scheme to defraud a financial institution and individual victims through the theft and forging of checks and money orders. An additional month accounts for the $1,800.21 he caused in loss to the victims in this case.

### III.   Conclusion

For these reasons, as well as additional reasons to be more fully articulated during the sentencing hearing on this matter, the United States respectfully requests that the Court sentence the defendant to an 85-month sentence of confinement.

JESSICA D. ABER  
UNITED STATES ATTORNEY

By   /s/  
Joseph L. Kosky  
Assistant United States Attorney  
Attorney for the United States  
United States Attorney's Office  
101 West Main Street, Suite 8000  
Norfolk, Virginia 23510  
Office Number (757) 441-6331  
Facsimile Number (757) 441-6689  
E-Mail Address - joseph.kosky@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                  /s/
                                      Joseph L. Kosky
                                      Assistant United States Attorney
                                      Attorney for the United States
                                      United States Attorney's Office
                                      101 West Main Street, Suite 8000
                                      Norfolk, Virginia 23510
                                      Office Number (757) 441-6331
                                      Facsimile Number (757) 441-6689
                                      E-Mail Address - joseph.kosky@usdoj.gov